UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALFORD,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 12-01981-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On March 21, 2012, Gregory Alford ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") disability benefits. The Commissioner filed an Answer on June 19, 2012. On August 28, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 49 year old male who applied for Supplemental Security Income benefits on January 7, 2009, alleging disability beginning October 30, 2008. (AR 10.) Plaintiff has not engaged in substantial gainful activity since January 7, 2009, the date of the application. (AR 12.)

Plaintiff's claim was denied initially on February 19, 2009, and on reconsideration on May 6, 2009. (AR 10.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on June 8, 2010, in San Bernardino, California. (AR 10.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 10.) Medical expert ("ME") David Glassmire, Ph.D. and vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 10.) The ALJ issued an unfavorable decision on July 22, 2010. (AR 10-20.) The Appeals Council denied review on January 27, 2012. (AR 1-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as the basis for reversal and remand:

1. Whether the ALJ properly considered the opinions of consultive examiner Clifford Taylor, Ph.D. (AR 204-209.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v.

3

Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 7, 2009, the application date. (AR 12.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: psychotic disorder, not otherwise specific; cannabis and alcohol dependence; and history of cocaine abuse. (AR 12.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 13.)

The ALJ then found that the Plaintiff had the RFC to perform medium exertional work as defined in 20 C.F.R. § 416.967(c) with the following limitations:

> Claimant is limited to simple, repetitive tasks; no interaction with the public; no tasks requiring hypervigilance; and no fast-paced work. Claimant has more than a slight limitation but is able to function satisfactorily with respect to the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; and the ability to respond appropriately to changes in the work setting..

(AR 14.) In determining the above RFC, the ALJ made an adverse credibility finding, noting that numerous treating, consulting and State agency review physicians had found evidence of malingering. Significantly, Plaintiff does not challenge the ALJ's adverse credibility finding.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as an auto detailer. (AR 18.) The ALJ, however, found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including industrial cleaner and kitchen helper. (AR 19-20.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 20.)

**DISCUSSION**

Plaintiff contends that the ALJ improperly discounted the opinions of Dr. Taylor. The Court disagrees.

### 1. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an

examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

Plaintiff contends that the ALJ implicitly rejected the opinions of Dr. Clifford Taylor, Ph.D., the consulting psychological examiner. Specifically, Dr. Taylor found as follows:

> Based upon his presentation and with his history, there is a likelihood that he would have some impairment in his ability to relate with supervisors, co-workers and the public in any work setting. However, there is no credible evidence of impairment in his ability to understand, remember and carry out job instructions, maintain attention, concentration, persistence and pace.

(AR 209 (emphasis added).) Plaintiff contends this finding of some impairment in ability to relate with supervisors, co-workers and the public should result in a determination of disability because basic mental demands of work include "the ability . . . to respond appropriately to supervision, co-workers, and usual work situations." SSR 85-15, 1985 WL 56857, at *4 (emphasis added).

There are a number of problems with Plaintiff's contention. First, Dr. Taylor's evaluation is dated October 9, 2007 (AR 204), and the application date here is considerably later on January 7, 2009. Claimant reported improvement on medication starting October 2008. (AR 17.) Second, Dr. Taylor did not say Plaintiff was unable to respond appropriately to supervision and co-workers. He only said there was some impairment in his ability to relate to supervisors and co-workers. Third, Dr. Taylor did not opine that Plaintiff could not work because of this impairment or that Plaintiff was disabled or provide a mental RFC that the impairment resulted in symptoms severe enough to warrant inclusion as a limitation in the RFC.

Fourth, Plaintiff for the most part does not address the substantial malingering evidence. Dr. Taylor himself found that Plaintiff was resistant to testing, his effort level was poor, and the test results invalid. (AR 204.) His poor test results reflected his effort level and he refused many tests. (AR 206.) His performance on the Test of Memory Malingering was consistent

with malingering. (AR 208.) The State agency psychiatrist noted Plaintiff staged his psychiatric symptoms. (AR 265.) Even Plaintiff's treating doctors noted the possibility of malingering. (AR 17, 237, 252.) Accordingly, the ALJ did not give much weight to the above opinions. (AR 18.)

The ALJ gave greatest weight to Dr. Glassmire, the ME who is a mental health specialist who reviewed the entire record, was present at the hearing, heard Plaintiff's testimony, and asked Plaintiff questions. (AR 16, 18.) Dr. Glassmire noted Claimant reported improvement on medications after October 2008. (AR 17.) Dr. Glassmire assessed the limitations contained in the RFC: simple, repetitive tasks, no interaction with the public, no tasks requiring hypervigilance, and no fast paced work. (AR 17.) Dr. Glassmire gave his RFC with full awareness of Dr. Taylor's statement about some impairment in relating to supervisors and co-workers (AR 32), and yet, based on all the medical evidence of record including evidence of improvement after 2008, did not include any limitation in his RFC regarding supervisors and co-workers.

The ALJ relied on the opinion of Dr. Glassmire for the RFC and did not give great weight to the opinions of Dr. Taylor and other physicians. (AR 17-18.) The ALJ is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. His interpretation of the evidence was reasonable and should not be second-guessed. Rollins, 261 F.3d 853, 857 (9th Cir. 2001) (ALJ's interpretation of the evidence if reasonable should not be second-guessed).

Plaintiff contends that Dr. Taylor's finding is valid, notwithstanding the malingering evidence. Plaintiff's argument, however, does not address the ALJ's determination to give greater weight to Dr. Glassmire's opinions and limited weight to Dr. Taylor's opinion which was rendered before the application date and before Plaintiff improved on medication starting in October 2008.

The ALJ decision provides specific, legitimate reasons supported by substantial evidence for not adopting further limitations. Dr. Glassmire's opinion, to the extent it contradicts Dr. Taylor's opinion, is based on an awareness of all the medical evidence of record. There was no error.

The ALJ did not improperly discount the opinions of Dr. Taylor. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security should be AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 14, 2012

           */s/ John E. McDermott*
           JOHN E. MCDERMOTT
           UNITED STATES MAGISTRATE JUDGE